**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JACKIE RAY ROLLER,       ::
     Petitioner,       ::     PRISONER HABEAS CORPUS
                 ::     28 U.S.C. §  2254
     v.            :
                       CIVIL ACTION NO.
WENDY THOMPSON, Warden,     1:05-CV-0465-JOF
     Respondent.

**ORDER**

Petitioner, an inmate at Rivers State Prison in Hardwick, Georgia, filed the instant 28 U.S.C. § 2254 habeas corpus petition challenging his December 11, 1991, convictions and subsequent resentencing in Clayton County Superior Court for felony murder and possession of a firearm during the commission of a felony.  This matter is now before the Court for consideration of the petition as amended and supplemented, [Docs. 1, 4, 6, 11 and 23], Respondent's motion to dismiss the petition, [Doc. 7], and Respondent's answer response, [Doc. 8].

**Procedural History**

After his convictions, Petitioner appealed, and the Georgia Supreme Court affirmed his convictions and sentences on February 27, 1995.  See Roller v. State, 453 S.E.2d 740 (Ga. 1995).  Next, on October 20, 1995, Petitioner filed a petition for

habeas corpus relief challenging his convictions.   [Resp. Ex. 1, p. 41].   The state habeas corpus court denied relief by order filed February 21, 1996.  [Resp. Ex. 1, p. 65].  On April 29, 1996, the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of state habeas corpus relief.  [Resp. Ex. 1, p. 69].

On July 11, 1996, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court seeking collateral relief from the same convictions that are the subject of the instant action.  Roller v. Sikes, Case No. 1:96-CV-1773-GET (N.D. Ga.).  That petition was denied and the action was dismissed on May 28, 1997. On June 11, 1998, the Eleventh Circuit Court of Appeals denied Petitioner's motion for certificate of appealability.  Roller v. Sikes, Case No. 97-8630 (11th Cir. 1998).

Petitioner then filed a federal habeas corpus action in the Middle District of Georgia on October 31, 2001.  Roller v. Williams, 5:01-CV-00441-DF (M.D. Ga.). Petitioner styled that action as a petition brought pursuant to 28 U.S.C. § 2241. However, because the petition challenged his 1991 Clayton County convictions, the Middle District properly construed the petition as pleading a § 2254 habeas corpus action and, as is the custom among the federal courts in Georgia, transferred the action to this Court.  Roller v. Williams, 1:01-CV-03114-JOF (N.D. Ga.).  On December 20, 2001, the Magistrate Judge assigned to that case issued a Report and Recommendation

("R&R") recommending that the action be dismissed successive. Id. (Doc. 4). Prior to this Court adopting the R&R, Petitioner voluntarily dismissed the case. Id. (Doc. 11).

On August 2, 2002, Petitioner filed a second state habeas corpus petition challenging the same jury trial convictions. Roller v. Williams, No. 02CV37504 (Baldwin Super. Ct. Aug. 2, 2002). The second state habeas corpus court dismissed the petition as successive on October 9, 2002. The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal on May 24, 2004.

On May 23, 2003, the criminal trial court where Petitioner was originally convicted conducted a hearing to resentence Petitioner. The trial court entered an order amending Petitioner's sentence and imposing the same sentence as originally ordered. [Resp. Ex. 11]. Petitioner filed a motion for an out-of-time appeal on the resentencing order, which the trial court denied on December 12, 2003. The Georgia Supreme Court dismissed Petitioner's appeal of that order on March 1, 2004. [Resp. Ex. 12].

Meanwhile, Petitioner filed a third state habeas corpus petition on July 31, 2003, challenging both his Clayton County jury trial convictions and the criminal trial court's resentencing order. [Resp. Ex. 2]. The third state habeas corpus court dismissed the petition as successive and denied relief on April 22, 2004. [Resp. Ex. 6]. The Georgia

3

Supreme Court denied Petitioner's application for certificate of probable cause to appeal on June 30, 2005.  Roller v. Williams, Case No. S04H1552 (Ga.).

Finally, Petitioner filed a fourth state habeas corpus petition on May 11, 2004, once again challenging his December 11, 1991, Clayton County jury trial convictions. [Resp. Ex. 8].  The state habeas corpus court dismissed Petitioner's fourth petition as successive in an order entered September 23, 2004.  [Resp. Ex. 9].  The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal on July 8, 2005.  Roller v. Williams, Case No. S05H0232 (Ga.).

### Successive Petition

Because Petitioner has already pursued 28 U.S.C. § 2254 relief in this Court with respect to his conviction, the instant petition is a successive § 2254 application insofar as it challenges the fact of his conviction and events that occurred during his criminal trial.  As such, this Court may not consider certain of Petitioner's claims without proper certification by the Eleventh Circuit.  Pursuant to 28 U.S.C. § 2244(b)(3), before this Court may consider a second or successive § 2254 petition, Petitioner must first move in the Eleventh Circuit for an order authorizing this Court to consider the petition. Because Petitioner has obtained no such order, this Court may not consider Petitioner's claims challenging his conviction.  See Guenther v. Holt, 173 F.3d 1328,

4

1330 (11th Cir. 1999) (noting that § 2244(b)(3)(A) is either a jurisdictional bar or a condition precedent requiring appellate certification prior to review in the district court); see also Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1303 (11th Cir. 2002) (treating a prisoner's § 1983 claim as the functional equivalent of a second habeas petition and holding that because "he did not first apply with this Court for permission to file a second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to entertain [the prisoner's] claim"). However, with respect to claims challenging his resentencing, which occurred after Petitioner filed his § 2254 petition in this Court, those claims are not successive and are subject to review in this Court.  Accord Boyd v. Smith, Case No. 03 Civ.5401 JSR AJP, 2004 WL 2915243 at *13 (S.D.N.Y., Dec. 17, 2004) (holding that second § 2254 petition raising claims regarding resentencing which occurred after first § 2254 petition is not successive).

## Exhaustion

In her motion to dismiss, Respondent asserts that the instant petition should be dismissed because Petitioner had two state habeas corpus petitions pending at the time of the motion.  However, as both of those actions have now concluded, this Court finds that Respondent's motion to dismiss is now moot.

Additionally, because the state courts have held that Petitioner's state habeas corpus petitions are successive, even as to his claims concerning his resentencing which have never been reviewed, this Court will assume that Petitioner has satisfied the 28 U.S.C. § 2254(b)(1)(A) exhaustion requirement.

## **Petitioner's Claims**

## **Background**

Prior to detailing Petitioner's claims, some factual and procedural development is necessary. The Georgia Supreme Court provided the following summary of Petitioner's crimes:

[Petitioner] was indicted for murder, felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime, all in connection with the shooting death of his former spouse. A jury convicted [Petitioner] of felony murder and possession of a firearm during the commission of a crime, and the trial court sentenced [Petitioner] to life imprisonment and a consecutive five years, respectively.

[Petitioner's wife] died after being shot in the back in a supermarket parking lot. At trial, the State presented evidence showing that from the time they separated until the time the victim died [Petitioner] had harassed the victim and threatened to kill her if she did not return to him. On the morning of the victim's death, [Petitioner] stopped the victim in the parking lot, which she customarily used as a shortcut when driving to her office. According to witnesses present in the parking lot, [Petitioner]'s truck was parked next to the victim's car, [Petitioner] and the victim were standing outside of the vehicles arguing in loud voices, [Petitioner] chased

6

the victim, and she yelled "Oh, no, please don't."  Witnesses then heard gunshots, and saw [Petitioner] throw what looked like a gun in his truck and drive off. The victim was found lying dead in a pool of blood beside her car.  There was a tire track through the pool of blood which matched the tires on [Petitioner]'s truck, and his truck tires and truck body had blood on them which matched the victim's uncommon blood type.  We find the evidence sufficient to allow a rational trier of fact to find [Petitioner] guilty of the crimes charged beyond a reasonable doubt.

Roller, 453 S.E.2d at 740-41.

At Petitioner's criminal trial, Petitioner's attorney was successful in convincing the trial judge to redact the Count 3 charge – possession of a firearm by a convicted felon – from the indictment so as not to infect the minds of the jury with Petitioner's criminal past.  However, during the trial, the prosecution presented, and the trial court permitted, evidence of Petitioner's prior felony conviction in Michigan for attempted aggravated assault with the intent to kill for the sole purpose of establishing that Petitioner had been convicted of a felony at the time that he shot his wife, thereby establishing the elements necessary for a felony murder conviction under Georgia law. See Hayes v. State, 405 S.E.2d 660, 665 (Ga. 1991) (upholding conviction for felony murder even though state had not indicted or convicted criminal defendant of underlying felony); Jolly v. State, 392 S.E.2d 527 (Ga. 1990) (same).

Also at Petitioner's trial, Petitioner's attorney was successful in convincing the trial judge to charge the jury that they could not find Petitioner guilty of both malice

7

murder and felony murder (Counts 1 & 2), but could convict him of only one or the other.  Accordingly, the jury convicted Petitioner of felony murder and of possession of a firearm during the commission of a crime.  The trial court then sentenced Petitioner to life for the felony murder conviction and to a consecutive five-year sentence for the firearm violation.

In sentencing Petitioner, however, the trial court merged Count 1 (malice murder) into Count 2 (felony murder) and further merged Count 3 (possession of a firearm by a felon) into Count 4 (possession of a firearm during a crime), even though Petitioner had not been convicted of the crimes charged in Counts 1 and 3.  This ministerial error was the reason for Petitioner's resentencing.  At the resentencing, the trial court simply entered an identical sentence for Petitioner's convictions on Counts 2 and 4 (life and a consecutive five  years) and then entered an order of nolle prosequi with respect to Counts 1 and 3 of the indictment.

Immediately after the resentencing, Petitioner requested that his lawyer file either a motion for reconsideration with the trial court or an appeal.  Petitioner's attorney refused, noting that either a motion for reconsideration or an appeal would be frivolous.  In response to his motion for an out of time appeal, the Georgia Supreme Court held:

> Appellant who was convicted of felony murder, filed this direct appeal of the trial court's December 12, 2003 order denying appellant's motion for out-of-time appeal; motion to vacate void judgment; and motion to vacate

8

> void re-sentencing.  However, as the re-sentencing order presents nothing
> for appellate review, appellant's conviction was affirmed on direct appeal
> in <u>Roller v. State</u>; and appellant essentially seeks a second direct appeal
> of his conviction by means of motions containing issues he could have
> raised in his original appeal, this direct appeal must be and hereby is
> dismissed.

<u>Roller v. State</u>, Case No. S04A0880 (Ga. Order of March 1, 2004) (citations omitted)

(attached to Doc. 1 as Exhibit A).


**<u>Petitioner's Grounds for Relief</u>**

In addition to the petition, Petitioner has filed an amended petition, [Doc. 4], a second amended petition, [Doc. 6], an amended brief in support of the second amended petition, [Doc. 11], and a "Supplemental Petition for a Writ of Habeas Corpus," [Doc. 23].  This Court has examined Petitioner's various pleadings, and, after culling out grounds that are either repetitive or barred as successive, [see discussion at pp. 4-5], Petitioner raises the following claims:

1. Petitioner first claims that he was denied an appeal of the trial court's resentencing order because his attorney was ineffective and because the Georgia Supreme Court "unconstitutionally denied" Petitioner's motion for an out-of-time appeal.

2.    Petitioner also claims that his counsel at the resentencing was ineffective because counsel failed to: (1) "'object', 'prepare a defense', and 'litigate' Petitioner's case to the resentencing court," (2) advise Petitioner of his right to appeal, (3) object to the trial court's failure to inform Petitioner that he would be entitled to appointed counsel in any appeal of the resentencing order, (4) object to the trial court's failure to inform Petitioner that he had a right to a sentence review by the Superior Courts Sentence Review Panel, (5) allege that Petitioner is "actually innocent," and (6) investigate Petitioner's charges.

3.    Further, Petitioner claims that the resentencing court failed to properly advise Petitioner regarding his appellate rights.

4.    Finally, Petitioner claims that his sentence is "void" and improper because (1) his Count 4 conviction (possession of a firearm during the commission of a crime) cannot be an underlying felony for felony murder and the jury did not return a verdict of guilty on Count 3 (possession of a firearm by a convicted felon), and (2) the firearm conviction should have merged with the felony murder conviction.

**Discussion**

**Habeas Corpus Standard of Review**

10

Pursuant to 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus in behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). This power is limited, however. Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief for claims previously adjudicated on the merits by state courts unless the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(e), the state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous.

This Court has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be properly resolved. As Petitioner has made no showing as required by 28 U.S.C. § 2254(e)(2), no federal evidentiary hearing is permitted, and the case is now ready for disposition.

**<u>Discussion of Petitioner's Claims</u>**

Having reviewed the record, this Court now finds that Petitioner has failed to establish that he is entitled to relief.  As a general matter, because Petitioner appealed his convictions and pursued habeas corpus relief in both state and federal court, the questions of whether Petitioner is guilty of murdering his wife and whether Petitioner received a fair trial are settled issues no longer open for review.  The only issue before this Court is whether his constitutional rights were somehow violated in relation to his resentencing.  At the resentencing, the trial judge merely changed merged counts of the indictment into nolle prosequi counts, an act so ministerial and lacking in substance that nothing implicating Petitioner's constitutional rights could have occurred.

With respect to his claim that his attorney was ineffective for failing to appeal the resentencing order despite Petitioner's requests, a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.  Rodriquez v. United States, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969); see Peguero v. United States, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit").  However, in Roe v. Flores-Ortega,  528 U.S. 470, 476-77, 120 S. Ct. 1029, 1034, 145 L. Ed. 2d 985 (2000), the Supreme Court held:

12

In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), we held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance, <u>id.</u> at 687, 104 S. Ct. 2052, and announced a now-familiar test: A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," <u>id.</u> at 688, 104 S. Ct. 2052, and (2) that counsel's deficient performance prejudiced the defendant, <u>id.</u> at 694, 104 S. Ct. 2052.  Today we hold that this test applies to claims, like respondent's, that counsel was constitutionally ineffective for failing to file a notice of appeal.

In other words, in order to establish a claim of ineffective assistance of counsel, Petitioner must demonstrate not only professionally unreasonable action by his attorney but also that the action prejudiced him.  Normally, the failure of an attorney to file an appeal is automatically prejudicial regardless of the merits of the appeal because criminal defendants are entitled to an appeal as a matter of right.  However, as was held by the Georgia Supreme Court, [see discussion at pp 8-9], Petitioner was not entitled under Georgia law to an appeal of the resentencing order.  Accordingly, he cannot establish that his attorney's failure to file a notice of appeal prejudiced him.

Similarly, the question of whether Petitioner is entitled to a criminal appeal is a matter of state – not constitutional – law.  It is only after state law establishes a right to an appeal that the Constitution provides the parameters of how that right is to be conferred.  See <u>Griffin v. Illinois</u>, 351 U.S. 12, 20, 76 S. Ct. 585, 591, 100 L. Ed. 891 (1956).  As the state court interpreting state law has determined that Petitioner has no

13

right to an appeal of the resentencing order, no liberty interest is created, and Petitioner's federal due process and equal protection rights are not implicated. Accordingly, Petitioner's claims regarding (1) the Georgia Supreme Court's refusal to grant him an out-of-time appeal and (2) the resentencing court's failure to advise him of his right to an appeal fail to state a claim for § 2254 relief.

Petitioner's other claims of ineffective assistance of counsel also fail because he cannot show prejudice. Petitioner has failed to demonstrate anything that his attorney could have done that would have changed the outcome of his resentencing. As is noted above, Petitioner's resentencing was merely a ministerial correction that did not affect his substantive rights.

Petitioner's repeated assertions that his current sentences are "void" are also not availing. Petitioner shot and killed his wife in Clayton County, and a Clayton County jury found him guilty felony murder and of using a firearm to commit a crime. He received a life sentence in addition to a consecutive five year sentence. At the time of the resentencing – after an appeal, a state habeas corpus proceeding and a federal habeas corpus proceeding – it was settled law that Petitioner's trial, convictions, and sentences were fairly and appropriately imposed. Nothing that happened at his resentencing hearing materially altered his circumstances, and a state sentence that falls within the range prescribed by state law may does not provide a basis for federal

14

habeas corpus relief.  <u>See</u> <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law.").

To the degree that he argues that the Count 4 conviction (possession of a firearm during a crime) cannot be the underlying felony in a felony murder conviction, this Court notes that more than sufficient evidence was presented at Petitioner's criminal trial for the  jury to find that he was a convicted felon when he shot his wife, and, under Georgia law, possession of a firearm by a convicted felon is clearly an acceptable underlying felony to support a felony murder conviction.  <u>Hines v. State</u>, 578 S.E.2d 868, 872 (Ga. 2003) ("[Criminal defendant's] violation of the prohibition against convicted felons possessing firearms was an inherently dangerous felony that could support a felony murder conviction."); <u>see also</u> <u>Hayes</u>, <u>supra</u>, 405 S.E.2d at 665 (no need to indict and/or convict criminal defendant of underlying felony to secure a conviction for felony murder).

Additionally, because the felony underlying Petitioner's felony murder conviction was his possession of a firearm as a convicted felon, his Count 4 conviction did not merge as a matter of Georgia law into the felony murder conviction, <u>Redding v. State</u> 389 S.E.2d 227, 229 (Ga. 1990), and it was appropriate to sentence Petitioner separately for that conviction.

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, this Court finds that Petitioner has failed to establish that he is entitled to releif.

**IT IS THEREFORE ORDERED** that the instant 28 U.S.C. § 2254 petition be **DENIED** and the instant action **DISMISSED**.

**IT IS FURTER ORDERED** that Respondent's motion to dismiss, [Doc. 7], be **DENIED** as moot.

**IT IS SO ORDERED** this 23rd day of March 2006.


s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

16